UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

TYREE RICHARDSON,

        Plaintiff,                Case No. 1:07-cv-384

v.                                           Honorable Robert Holmes Bell

KENNETH McKEE et al.,

        Defendants.

_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.        Factual allegations

Plaintiff is currently incarcerated in Oaks Correctional Facility (ECF). The events underlying his complaint took place at Bellamy Creek Correctional Facility (IBC). In his *pro se* complaint, he sues Michigan Department of Corrections (MDOC) Director Patricia Caruso and Grievance Administrator J. Armstrong, together with the following IBC employees: Warden Kenneth McKee, Grievance Coordinator D. Emlinger, Hearing Investigator B. Novak, Correctional Officers (CO) Sergeant (Unknown) Dennis, Sergeant (Unknown) Lauters, Sergeant (Unknown) Johnson, Sergeant (Unknown) Wakefield, and Sergeant Carmen Cole. He also sues St. Louis Correctional Facility (SLF) employees: CO Sergeant (Unknown) Branch, Hearing Administrators Thomas M.L. Wolven, Fritz E. Jackson, John T. Spurgis and Gary F. Heiler. (Compl. at 13, docket #1.)

Plaintiff has been found guilty of eight major misconducts for alcohol abuse. (*Id.* at 15.) According to the grievances which Plaintiff attaches to his complaint, these misconducts involved the determination by a MDOC staff member that Plaintiff possessed a drink, known as "spud juice," that contained alcohol. (Ex. 1 to Compl. at 2-4.) Plaintiff's claims arise out of the fact that the drink was never tested by an independent third party to verify that the drink did, in fact, contain alcohol. (Compl. at 5-8.) Plaintiff first asserts that his rights under the Equal Protection Clause were violated because his drink was not tested, but it is policy to test other suspected illicit substances, such as cocaine, heroine or marijuana. (*Id.* at 7.) Plaintiff also asserts that his rights under the Due Process Clause were violated because the hearing board relied upon the testimony of MDOC staff that Plaintiff's drink was alcoholic without having the drink tested for the presence of alcohol. (*Id.* at 17.)

Plaintiff seeks monetary relief to compensate him for "each day that he served on top lock, loss of privelages [sic], for time served in segregation, and administrative segregation, and for loss of good time credits" as a result of the Fourteenth Amendment violations which occurred his misconduct hearings. (Compl. at 24.) Plaintiff further seeks an injunction to require the MDOC to obtain independent third-party testing of all drinks which are suspected to contain alcohol and form the basis for an allegation of a prisoner's misconduct. *Id.*

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

**A.     Equal Protection**

To the extent Plaintiff asserts his equal protection rights were violated, he has failed to state a claim. Plaintiff asserts that if an inmate possesses a substance "such as cocaine, marijuana, heroine/morphine" that these substances are sent to a third-party for independent verification that the suspected drug is, in fact, such a substance. (Compl. at 16.) Plaintiff further asserts that the fact that his drink was not independently tested for the presence of alcohol it is a violation of his rights under the Equal Protection Clause.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. U.S. CONST., amend. XIV; *City of Cleburne v. Cleburne Living Ctr., Inc.*, 473 U.S. 432, 439 (1985). A state practice generally will not require strict scrutiny unless it interferes with a fundamental right or discriminates against a suspect class of individuals. *Mass. Bd. of Ret. v. Murgia*, 427 U.S. 307, 312 (1976). Because a fundamental right is not implicated in this case and Plaintiff does not allege that he is a member of a suspect class, he is not entitled to strict scrutiny. Instead, the decision to not require third-party testing and verification that Plaintiff's drink contained alcohol need only be rationally related to a legitimate governmental interest. *See United States v. Kras*, 409 U.S. 434, 446 (1973); *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). Clearly, it was rational for prison officials not to expend public funds to have Plaintiff's "spud juice" tested when the presence of alcohol could be readily determined by MDOC staff.

### B.     Challenge to Misconducts

The remainder of Plaintiff's complaint seeks declaratory relief and monetary damages to compensate for purported violations of the Fourteenth Amendment. (Compl. at 24.) These violations allegedly occurred during Plaintiff's eight substance abuse misconduct hearings and the resulting loss of good-time loss and placement in segregation. *Id.* Plaintiff asserts the "spud juice" in question should have been sent to an independent third-party for testing and verification that it was alcohol, instead of relying on a staff member's statement that they determined the drink contained alcohol. (*Id.* at 17-18.)

Plaintiff's allegations question the validity of his misconduct convictions. The Supreme Court has held that claims for declaratory relief and monetary damages, which necessarily

imply the invalidity of the punishment imposed, are not cognizable under § 1983 until the conviction has been overturned. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (addressing allegations of deceit and bias on the part of the decisionmaker in a misconduct hearing). The Court relied upon *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Edwards*, 520 U.S. at 646 (emphasis in original). As the Supreme Court recently has stated, "[t]hese cases, taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation)– no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)– *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). Thus, where a prisoner's claim of unfair procedures in a disciplinary hearing necessarily implies the invalidity of the deprivation of good-time credits, his claim is not cognizable under § 1983. *Id.*; *see also Bailey v. McCoy*, No. 98-1746, 1999 WL 777351, at *2 (6th Cir. Sept. 21, 1999) (collecting Sixth Circuit decisions applying *Edwards* to procedural due process challenges); *Muhammad v. Close*, 540 U.S. 749 (2004) (holding that the *Heck-Edwards* bar applies to prison misconduct challenges only when good-time credits are implicated).

In *Muhammad*, the Supreme Court clarified that *Edwards* requires the favorable termination of a disciplinary proceeding before a civil rights action may be filed only in cases where the duration of the prisoner's sentence is affected. *See Johnson v. Coolman*, No. 03-1909, 2004 WL 1367271, at *1 (6th Cir. June 15, 2004). In other words, *Edwards* still applies where a plaintiff has lost good-time credits as the result of the misconduct conviction. Under Michigan law, a prisoner

- 5 -

loses good-time credits for the month of his major misconduct disciplinary conviction. *See* MICH. COMP. LAWS § 800.33. In addition, the warden may order forfeiture of previously accumulated credits in cases. *Id.* Plaintiff seeks monetary compensation and injunctive releif for the good-time credits he lost. (Compl. at 24.) Accordingly, to the extent that Plaintiff's claim, if established, would necessarily imply the invalidity of his disciplinary conviction, it remains noncognizable under § 1983. *See Shavers v. Stapleton*, No. 03-2210, 2004 WL 1303359, at *1 (6th Cir. June 9, 2004).

### **Recommended Disposition**

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's claims regarding his misconduct and loss of good-time be dismissed without prejudice and the remainder of his complaint be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 31, 2007

## **NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).