UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TYREE RICHARDSON,

        Plaintiff,

v.

        File No. 1:07-CV-384

        HON. ROBERT HOLMES BELL

KENNETH McKEE, et al.,

        Defendants.
        _____/

**ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On May 31, 2007, United States Magistrate Judge Timothy P. Greeley issued a Report and Recommendation recommending that Plaintiff Tyree Richardson's prisoner civil rights complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2), 28 U.S.C. § 1915A(b), and 42 U.S.C. § 1997e(c) for failure to state a claim on which relief can be granted. Plaintiff filed objections to the Report and Recommendation on June 12, 2007.

Pursuant to Rule 72(b) of the Federal Rules of Civil Procedure this Court is required to make a *de novo* review upon the record of those portions of the magistrate judge's disposition to which specific written objection has been made.

Petitioner objects to the recommendation that his complaint be dismissed for failure to state a claim. Petitioner objects specifically to the Magistrate Judge's determination that he is not entitled to strict scrutiny of his equal protection claim because he has not alleged

that he is a member of a suspect class. According to Petitioner, the suspect class of which he is a member is the class of prisoners. The Sixth Circuit has made it abundantly clear that Petitioner's contention lacks merit. *See Michael v. Ghee*, — F.3d —, 2007 WL 2287743, at *6 (6th Cir. Aug. 10, 2007) ("Without question, prisoners are not considered a suspect class for purposes of equal protection litigation."); *Davis v. Coyle,* 475 F.3d 761, 779 (6th Cir. 2007) (holding that federal courts have "consistently held" that prisoners do not constitute a suspect class).

Petitioner also objects to the Magistrate Judge's determination that no fundamental right is being implicated in this case. The right Plaintiff asserts is the right not to be convicted of an alcohol-related misconduct unless the physical evidence was field-tested by a third party. Petitioner has cited no case law to support his contention that this is a fundamental right, and the Court is aware of none. For purposes of equal protection analysis, "fundamental rights" refer to those rights and liberties "explicitly or implicitly protected by the Constitution." *San Antonio Indep. Sch. Dist. v. Rodriguez*, 411 U.S. 1, 17, 29 (1973). The Court agrees with the Magistrate Judge that no fundamental right is implicated by Plaintiff's allegations.

Plaintiff also objects to the Magistrate Judge's determination that it is rational for prison officials not to expend public funds to have "spud juice" tested for alcohol when the presence of alcohol can be readily determined by MDOC staff. Plaintiff argues that public funds are used to perform field tests for marijuana, cocaine, and heroine offenses, and that they should similarly be used for alcohol offenses. The Court is satisfied that the MDOC's

policy of treating alcohol differently than other narcotics is rational, based upon its distinctive odor. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's objections to the Report and Recommendation of the Magistrate Judge (Docket # 5) are **DENIED**.

**IT IS FURTHER ORDERED** that the May 31, 2007 Report and Recommendation of the Magistrate Judge (Docket # 4) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2), 1915A;  42 U.S.C. § 1997e(c).

**IT IS FURTHER ORDERED** that this dismissal shall count as a **STRIKE** for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that the Court finds no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).

Date:   September 14, 2007          /s/ Robert Holmes Bell
                                    ROBERT HOLMES BELL
                                    CHIEF UNITED STATES DISTRICT JUDGE